IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CI Group Investments, LLC, an Illinois Limited Liability Company** ) ) ) | |
| **Plaintiff,** ) ) | Case No. 07-cv-06432 |
| v. ) ) | Hon. Elaine E. Bucklo |
| **Ocean Atlantic Service Corporation, a Virginia Corporation,** ) ) ) ) | |
| **Defendant.** ) | |

### MOTION FOR DETERMINATION OF EFFECTIVE SERVICE OR IN THE ALTERNATIVE, MOTION FOR APPROVAL OF ALTERNATE FORM OF SERVICE BY SPECIAL ORDER OF THE COURT

NOW COMES the Plaintiff, CI Group Investments, LLC, an Illinois limited liability company ("CI Group"), by and through Gregory J. Jordan, Peter J. Schmidt, Jean Soh and the law firm of Polsinelli Shalton Flanigan Suelthaus PC, its attorneys, hereby moves this Court pursuant to Federal Rule of Civil Procedure 4 for a Determination of Effective Service on the Defendant, Ocean Atlantic Service Corporation (the "Defendant"), or in the alternative, approval of alternative form of service by publication on the Defendant pursuant to section 8.01-316 of the Code of Virginia Civil Remedies and Procedure. In support thereof, CI Group states as follows:

#### INTRODUCTION

CI Group has assiduously attempted and failed to effectively serve the Defendant with the Complaint for Breach of Guaranty (the "Complaint") via its registered agent, John C. Carroll (the "Agent"), and expects further attempts at service to be futile. CI Group believes that the Agent is in receipt of the Complaint via mail, electronic mail, and mail via FedEx. As such, the Court should find that service of process was effectively made on the Defendant. In the alternative, the Court should find that the numerous attempts at service of process on the Agent effectively

30192.3

demonstrates the Agent's evasion of service in this case and warrants issuance of a special order of this Court authorizing an alternative form of service.

### FACTS AND BACKGROUND

1. The Defendant is a Virginia corporation with John C. Carroll at 1800 Diagonal Rd., Ste. 350 in Alexandria, Virginia 22314 ("Defendant's Business Address") serving as the Defendant's Agent. Attached hereto as **Exhibit A** is a true and correct copy of Virginia State Corporation Commissions' online registry indicating Defendant's registered agent. Exhibit A is incorporated herein and made a part of this Motion by express reference.

2. The Defendant has listed its contact information on its website. Attached hereto as **Exhibit B** is a true and correct copy of the contact information listed on the Defendant's website. Exhibit B is incorporated herein and made a part of this Motion by express reference.

3. The Agent is listed as the Defendant's "Founder & Managing Director" on the Defendant's website. Attached hereto as **Exhibit C** is a true and correct copy of a page from the Defendant's website indicating John C. Carroll's position with the Defendant. Exhibit C is incorporated herein and made a part of this Motion by express reference.

4. The Complaint was filed with the Clerk of this Court on November 13, 2007.

5. CI Group engaged Same Day Process Service on November 15, 2007 to serve Agent for the Defendant with the summons and Complaint. Same Day Process Service was unable to serve the Agent with the Complaint at the Defendant's Business Address and at the Agent's personal address. Attached hereto as **Exhibit D** is a true and correct copy of notarized Affidavit of Process Server, B. Tony Snsko, for Same Day Process Service. Exhibit D is incorporated herein and made a part of this Motion by express reference.

6. Attorney Gregory J. Jordan for CI Group e-mailed the Agent on November 5, 2007, attaching two items: a demand letter (the "Demand Letter") and a copy of the unfiled Complaint. Attached hereto as **Exhibit E** is a true and correct copy of the e-mail correspondence from Gregory J. Jordan to the Agent on November 5, 2007. Attached hereto as **Tab 1** to Exhibit E is a true and correct copy of the Demand Letter attached to Exhibit E. Attached hereto as **Tab 2** to Exhibit E is a true and correct copy of the unfiled Complaint attached to Exhibit E. Exhibit E; Tab 1 to Exhibit E; and Tab 2 to Exhibit E are incorporated herein and made a part of this Motion by express reference.

7. A copy of the Demand Letter and a copy of the unfiled Complaint was sent via facsimile (collectively, the "Facsimile") to the contact information listed on the Defendant's website on November 5, 2007. Attached hereto as **Exhibit F** is a true and correct copy of the Facsimile and confirmation page of the Facsimile. Exhibit F is incorporated herein and made a part of this Motion by express reference. See Exhibit B for the facsimile number.

8. A copy of the Demand Letter and a copy of the unfiled Complaint was sent via FedEx Priority Overnight to the contact information listed on the Defendant's website, and was received on November 6, 2007. Attached hereto as **Exhibit G** is a true and correct copy of the e-mailed confirmation of delivery issued by FedEx. Exhibit G is incorporated herein and made a part of this Motion by express reference.

9. Gregory J. Jordan, attorney for CI Group, e-mailed the Agent on November 13, 2007, attaching three items: correspondence indicating notification of suit (the "Notification of Suit"); a copy of the filed Complaint; and Exhibit A to the Complaint. Attached hereto as **Exhibit H** is a true and correct copy of the e-mail correspondence from Gregory J. Jordan to the Agent on November 13, 2007. Attached hereto as **Tab 1** to Exhibit H is a true and correct copy

of the Notification of Suit attached to Exhibit H. Attached hereto as **Tab 2** to Exhibit H is a true and correct copy of the filed Complaint attached to Exhibit H. Attached hereto as **Tab 3** to Exhibit H is a true and correct copy of Exhibit A to the Complaint attached to Exhibit H. Exhibit H; Tab 1 to Exhibit H; Tab 2 to Exhibit H; and Tab 3 to Exhibit H are incorporated herein and made a part of this Motion by express reference.

### ARGUMENT

### *Service Should Be Found Effective Against Defendant, Who is Evading Service*

10. Federal Rule of Civil Procedure 4(h) directs service upon corporations by delivering a copy of the summons and complaint to an agent authorized to receive service of process. Fed. R. Civ. P. 4(h). CI Group has attempted service of the Complaint on the Defendant via its Agent several times by traditional means, but has not yet been able to obtain service.

11. The facts in the case clearly establish evasion or inequitable conduct on the part of the Defendant. There is evidence that the Agent is refusing to accept service. See Exhibit D. Evasion by the Defendant by the actions of its Agent can be inferred because of the repeated attempts at service of process by CI Group.

12. The Court cannot find that a defendant is evading service without proof of evasive conduct, such as evidence of defendants having actually received service by mail but refusing to respond. *Serlin v. Arthur Andersen & Co.*, 145 F.R.D. 494, 498 (N.D.Ill., 1993). While the Seventh Circuit in *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir.1991) held that actual notice of litigation is an insufficient basis for conferring personal jurisdiction if the service requirements of Rule 4 are not otherwise satisfied, the court, however, also indicated that exceptions to actual service can exist if the equities so warrant, for example,

when the defendant evades process. See *Id.* at 303.  Personal jurisdiction is satisfied when the defendant has actual knowledge of the lawsuit, including having received copies of the summons and complaint, and the defendant has intentionally evaded process. *Menke v. Power Securities Corp.* No. 92 C 0894.,1992 WL 199231, at *2 (N.D.Ill. Aug. 7, 1992).

13. The process server for Same Day Process Service has made a number of diligent attempts to effect service on the Agent at both the Defendant's Business Address and at the Agent's personal residence.  Pursuant to the Agent's assistant at the Defendant's Business Address, the Agent has refused to make himself available for service.  The Agent has also refused to make himself available for service over the intercom at the Agent's personal residence, which is a secure condominium complex.  See Exhibit D.

14. Counsel for CI Group also attempted to effect service upon the Defendant by e-mailing the Complaint to the Agent on November 13, 2007.  See Exhibit H.  Also, a request for waiver of service was mailed to the Agent at the Defendant's Business Address, pursuant to Federal Rule of Civil Procedure 4(d), which remains unanswered.

15. The Defendant should be deemed to have been effectively served given the numerous diligent attempts at service made by CI Group.  The extent of CI Group's efforts to obtain service on the Defendant are more than adequate, consisting of the following: 1) attempts at personal service by a private process server to the Defendant's Business Address; see Exhibit D; 2) attempts at personal service by a private process server to the Agent's personal residence; see Exhibit D; 3) one mailing of the complaint, summons and request for waiver of service to the Defendant's Business Address, and the envelope containing the complaint, summons and waiver evidencing delivery was not returned; and 4) e-mail of the Complaint sent to the Agent; see Exhibit H, all to no avail.

16. The Defendant received constructive notice of the Complaint, as well, consisting of the following: 1) e-mail of with attached Demand Letter and draft complaint; see <u>Exhibit E</u>; 2) facsimile of the Demand Letter and draft complaint; see <u>Exhibit F</u>; and 3) one certified mailing of the Demand Letter and draft complaint <u>Exhibit G</u>.

17. The Court should find valid service of process as CI Group's attempts to serve the Defendant are in accord with the spirit and letter of the rules and that the Agent, despite CI Group's diligent efforts to effect service, is evading service. The Agent's assistant at the Defendant's Business Address indicated that the Agent would refuse to make himself available for service. See <u>Exhibit D</u>. Further, when the process server contacted the Agent at his residence via intercom, the Agent admitted to being the Agent and disconnected with the process server, once being informed that he had papers to serve him on behalf of the Defendant. See <u>Exhibit D</u>. To permit the Defendant to continue to evade service of process and willfully remain technically, though not actually ignorant of the pending litigation would have the effect of rewarding Defendant's obstructionist tactics at great expense to both the Court and Plaintiff.

### *In the Alternative, An Alternative Form of Service Should Be Approved with an Extension of Time to Effect Service*

18. In the alternative, an alternative form of service is necessary here because service on the Defendant's Agent has not been successful and because it is clear that the Agent is clearly aware that CI Group is attempting to serve him. Further, CI Group's efforts to serve the Defendant and its Agent are thwarted by deliberate avoidance of service, it is unlikely that a special process server will be able to serve the Defendant without unreasonable delay and expense.

19. It is clear that service by traditional means is impractical. Ultimately, service on the Defendant can be obtained only after this Court grants this Motion for Alternative Service.

Service by publication pursuant to section 8.01-316 of the Code of Virginia Civil Remedies and Procedures is warranted because service by any other means will be expensive, and burdensome.

20. Service on a corporation shall be effected in the matter prescribed for individuals in Federal Rule of Civil Procedure 4(e)(1), which directs that service may be effected pursuant to the law of the state in which the district court is located. Fed. R. Civ. P. 4(h) & 4(e). See *Swaim v. Moltan Co.*, 73 F.3d 711, 719 -20 (7th Cir. 1996) (federal courts are strictly bound by the letter of state law and are without authority to fill whatever interstitial gaps).

21. Service of process is served in the manner set forth in Chapter 8 of the Code of Virginia Civil Remedies and Procedures and by the Rules of the Virginia Supreme Court. Va. Code Ann. § 8.01-287. Process on a Virginia corporation may be served by personal service on any registered agent of such corporation or by substituted service. Va. Code Ann. § 8.01-299.

22. A corporation's registered agent is the corporation's agent for service of process. Va. Code Ann. § 13.1-637. It is only whenever a corporation fails to appoint or maintain a registered agent in Virginia, or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the clerk of the Commission shall be an agent of the corporation upon whom service may be made in accordance with § 12.1-19.1. Va. Code Ann. §§ 13.1-637; 13.1-836. But neither § 13.1-637 nor § 13.1-836 "do[] not prescribe the only means, or necessarily the required means, of serving a corporation." Va. Code Ann. §§ 13.1-637; 13.1-836.

23. It is evident that service on the Defendant's Agent has been futile. Substituted service is warranted via publication as it is the quickest and most effective way to serve the Defendant.

24. Under Virginia law, an order of publication may be entered against a defendant via affidavit by a party seeking service stating one or more of the following grounds:

> a. That the party to be served is (i) a foreign corporation, (ii) a foreign unincorporated association, order, or a foreign unincorporated common carrier, or (iii) a nonresident individual, other than a nonresident individual fiduciary who has appointed a statutory agent under § 26-59; or
> b. That diligence has been used without effect to ascertain the location of the party to be served; or
> c. That the last known residence of the party to be served was in the county or city in which service is sought and that a return has been filed by the sheriff that the process has been in his hands for twenty-one days and that he has been unable to make service;...
> Every affidavit for an order of publication shall state the last known post office address of the party against whom publication is asked, or if such address is unknown, the affidavit shall state that fact.
> B. The cost of such publication shall be paid initially by the party seeking service; however, such costs ultimately may be recoverable pursuant to § 17.1-601. Va. Code Ann. § 8.01-316.

25. Diligence has been used without effect to ascertain the location of the Agent for the Defendant. Once it was determined that the Defendant would not acknowledge service by mail, CI Group made every effort to timely serve the Defendant by other practical and regular means. Despite its best efforts, service has been thwarted. See <u>Exhibit D</u>.

26. Should the Court grant alternative means of service on the Defendant, an extension of time in which to effect service of process which this Court, in its discretion, should be granted.

27. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time provided that if the plaintiff shows good cause for the failure, the court shall extend the tie for service for an appropriate period." Fed. R. Civ. P. 4(m).

28. The 120-day Fed. R. Civ. P. 4(m) period is quickly approaching and is on March 12, 2008. The Court should allow in its discretion, time beyond March 12, 2008 to properly effect service via publication without subjecting this action to dismissal.

29. The Defendant's continued effort to avoid service of process frustrates the efficient administration of justice Since the onus is on the plaintiff to effect service in alternate ways, the defendant should be required to bear the costs of effecting that service. See Fed.R.Civ.P. 4.

## CONCLUSION

WHEREFORE, for the above reasons, CI Group respectfully requests that this Court grant this Motion in its entirety, ordering that service upon the Defendant's agent, Mr. John C. Carroll be found effective, having been effectuated by e-mailing a copy to the Defendant's registered agent's e-mail address, and the Defendant be ordered to timely file its answer. In the alternative, GI Group moves this Court to approve an alternative form of service on the Defendant pursuant to Federal Rule of Civil Procedure 4 and section 8.01-316 of the Code of Virginia Civil Remedies and Procedure. Specifically, CI Group requests that service by publication be considered an appropriate form of alternative service and that an Order to that effect be entered by the Court in a manner as is consistent with due process in that this is reasonably calculated to apprise the Defendant of the Complaint and affords the Defendant an opportunity to present its objections, an extension of time to effect proper alternate service beyond the 120-day restriction in Fed. R. Civ. P. 4(m), providing for an award of costs to effect service by publication, and granting any further relief that this Court deems just.

Respectfully submitted,

**CI GROUP INVESTMENTS, LLC**

By: /s/ Gregory J. Jordan
 One of Its Attorneys

Gregory J. Jordan (ARDC #6205510)
Peter J. Schmidt (ARDC #6256638)
Jean Soh (ARDC# 6285187)
POLSINELLI SHALTON FLANIGAN SUELTHAUS PC
Two Prudential Plaza
180 N. Stetson Avenue, Ste. 4525
Chicago, IL 60601
(312) 819-1900
(312) 819-1910 (Facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CI Group Investments, LLC, an Illinois Limited Liability Company ) ) ) | |
| Plaintiff, ) ) | Case No. 07-cv-06432 |
| vi. ) ) | Hon. Elaine E. Bucklo |
| Ocean Atlantic Service Corporation, a Virginia Corporation, ) ) ) | |
| Defendant. ) | |

### AFFIDAVIT IN SUPPORT OF AN ORDER OF PUBLICATION

I, Gregory J. Jordan, one of the attorneys representing the Plaintiff, CI Group Investments, LLC ("Plaintiff"), hereby state that:

1. I am a resident of the State of Illinois. I am over the age of twenty-one and have never been convicted of a felony or crime of moral turpitude.

2. I am a partner with the law firm of Polsinelli Shalton Flanigan Suelthaus PC ("Polsinelli"), and am licensed to practice law in the State of Illinois.

3. Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

4. I am one of the attorneys representing the Plaintiff in the above-captioned suit, and therefore, I am familiar with all aspects of the lawsuit.

5. This affidavit is filed in support of the Plaintiff's Motion for Approval of Alternate Form of Service By Special Order of the Court (the "Motion") filed concurrently.

6.  Exhibits referenced herein are the same as those referenced in the Motion.

7.  Service on the Defendant via an order of publication under Virginia law, section 8.01-316 of the Code of Virginia Civil Remedies, on the following ground:

That diligence has been used without effect to ascertain the location of the party to be served as follows:

1)  Attempts at personal service by a private process server to the Defendant's Business Address; see <u>Exhibit D</u>;

2)  attempts at personal service by a private process server to the Agent's personal residence; see <u>Exhibit D</u>;

3)  one mailing of the complaint, summons and request for waiver of service to the Defendant's Business Address, and the envelope containing the complaint, summons and waiver evidencing delivery was not returned;

4)  and e-mail of the Complaint sent to the Agent; see <u>Exhibit H</u>, all to no avail;

5)  e-mail of with attached Demand Letter and draft complaint; see <u>Exhibit E</u>;

6)  facsimile of the Demand Letter and draft complaint; see <u>Exhibit F</u>; and

7)  one certified mailing of the Demand Letter and draft complaint <u>Exhibit G</u>.

8.  The last known post office address of the party against the Defendant, whom publication is asked, is 1800 Diagonal Road, Suite 350, Alexandria, Virigina 22314.

FURTHER AFFIANT SAITH NAUGHT.

_____
Gregory J. Jordan

Subscribed and Sworn to
before me this 6th day
of March 2008.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
Audrey Saucedo
Notary Public, State of Illinois
Commission Expires 12/13/2011

Gregory J. Jordan
Peter J. Schmidt
Jean Soh
Polsinelli Shalton Flanigan Suelthaus PC
180 N. Wacker Dr., Suite 4525
Chicago, Illinois 60601
(312) 873-3626 (Telephone)
(312) 819-1910 (Facsimile)