# Polsinelli

### Shalton | Flanigan | Suelthaus PC

Gregory J. Jordan
(312) 873-3626
gjordan@polsinelli.com

180 N. Stetson Avenue, Suite 4525 | Chicago, IL 60601-6733
(312) 819-1900 | Facsimile: (312) 819-1910 | www.polsinelli.com

November 5, 2007

**BY ELECTRONIC MAIL**
**BY FACSIMILE TRANSMISSION**
**BY OVERNIGHT COURIER**

John Carroll
President
Ocean Atlantic Service Corporation
1800 Diagonal Road, Suite 425
Alexandria, Virginia 22314

Re:   **Guarantee of Payment by Ocean Atlantic Service Corporation**

Dear Mr. Carroll:

Our firm has been retained by CI Group Investment, LLC ("Lender") to collect from Ocean Atlantic Service Corporation ("OASC") the entire balance, which as of October 31, 2007 is $1,999,744.71, that OASC owes Lender under that certain Unconditional Guarantee of Payment (the "Guaranty"), dated May 14, 2005, signed and delivered by OASC to Lender, pursuant to which OASC guaranteed to Lender the prompt payment and performance of all obligations owed to Lender by Ocean Atlantic California, LLC ("Borrower").

I have attached a draft complaint, which has not yet been filed. If OASC wants to resolve this matter without judicial involvement, please, on or before November 12, 2007, either pay Lender $1,999,744.71, with payment made in a manner such that it is <u>actually received</u> by Lender on or before such date, or contact the undersigned, as counsel for Lender, at (312) 873-3626 to work out arrangements for payment. If OASC does neither of these things, then Lender will file suit against OASC for collection of the above-referenced debt, and will assert such other rights and remedies, as and when it deems in its best interests, under the Guaranty and/or under applicable law.

Please note that any partial payment that has been made by you or which is made by you in the future, or acceptance by Lender or any of its agents of any partial payment already made or made in the future of any amount that is not sufficient to satisfy any obligation under the loan documents is not intended, and shall not be deemed, to constitute a waiver of Lender's rights,

John Carroll
November 5, 2007
Page 2

remedies or recourse under the loan documents or at law or in equity. Any application of any such payment is not intended, and shall not be deemed, to be a modification, rearrangement, reinstatement or extension of the existing loan documents. Any such payment shall be applied against the indebtedness in such order as Lender may elect in its sole discretion, without any waiver by Lender of its right to pursue any of its rights and remedies under the loan documents or at law or in equity.

You are hereby further notified that any past or future negotiation between you or your representatives or agents on the one hand and Lender and its representatives or agents on the other do not and shall not constitute a waiver of Lender's right to exercise its rights and remedies under the loan documents or at law or in equity. Any alleged waiver of any of Lender's rights shall not be effective unless in writing duly executed by an authorized representative of Lender. Neither you nor any other obligor for the indebtedness owed under the loan documents shall be entitled to rely upon any oral statements made or purported to be made by or on behalf of Lender or its agents in connection with any alleged agreement by or on behalf of Lender to refrain from exercising any of Lender's rights under the loan documents or otherwise at law or in equity.

Nothing set forth herein is intended, nor shall it be deemed, to modify, limit, release, reduce or waive any of Lender's rights, remedies, and/or privileges under the loan documents, or at law or in equity, all of which are hereby specifically reserved. Furthermore, the enumeration of any specific default herein is not intended, nor shall it be deemed, to waive other defaults that may currently exist under the loan documents.

Your immediate attention to this matter is appreciated. Thank you.

Truly yours,

POLSINELLI SHALTON FLANIGAN
SUELTHAUS PC

Gregory J. Jordan

GJJ:rwj
Enclosure
cc:   Silas Shahid
      Anthony Nasharr