```
*************** -COMM. JOURNAL- ******************** DATE NOV-05-2007 ***** TIME 16:53 ********

     MODE = MEMORY TRANSMISSION              START=NOV-05 16:50     END=NOV-05 16:53

          FILE NO.=170

STN    COMM.        STATION NAME/EMAIL ADDRESS/TELEPHONE NO.     PAGES      DURATION
NO.

001    OK           ☎917032996199                               007/007    00:02:11


                                                            -Polsinelli              -

***** UF-8000 v2 ******************* -POLSINELLI       - ***** -               - ********
```

# Polsinelli

### Shalton | Flanigan | Suelthaus ᵖᶜ

## Fax Information Sheet

**DATE:** November 5, 2007

| TO: | FAX NO.: |
|---|---|
| John Carroll,<br>Ocean Atlantic Service Corporation | (703) 299-6199 |

**FROM:** Gregory J. Jordan

**RE:**

**CLIENT\MATTER NO.:**

**Personal ID No.:**

**Number of pages including cover sheet:** Seven (7)

CONFIDENTIALITY NOTICE: The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the below address via the U.S. Postal Service. Thank you.

If you do not receive all pages of this communication, please call Kirsten L. Marzolf at (312) 819-1900.

**Message**

Two Prudential Plaza
180 N. Stetson Avenue, Suite 4525
Chicago, IL 60601
Telephone: (312) 819-1900
Fax: (312) 819-1910

# Polsinelli

### Shalton | Flanigan | Suelthaus PC

## Fax Information Sheet

**DATE:**    November 5, 2007

| TO: | FAX NO.: |
|---|---|
| John Carroll,<br>Ocean Atlantic Service Corporation | (703) 299-6199 |

**FROM:**    Gregory J. Jordan

**RE:**

**CLIENT\MATTER NO.:**

**Personal ID No.:**

**Number of pages including cover sheet:**    Seven (7)

CONFIDENTIALITY NOTICE: The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the below address via the U.S. Postal Service. Thank you.

If you do not receive all pages of this communication, please call Kirsten L. Marzolf at (312) 819-1900.

**Message**



# Polsinelli

## Shalton | Flanigan | Suelthaus PC

Gregory J. Jordan
(312) 873-3626
gjordan@polsinelli.com

180 N. Stetson Avenue, Suite 4525 | Chicago, IL 60601-6733
(312) 819-1900 | Facsimile: (312) 819-1910 | www.polsinelli.com

November 5, 2007

**BY ELECTRONIC MAIL**
**BY FACSIMILE TRANSMISSION**
**BY OVERNIGHT COURIER**

John Carroll
President
Ocean Atlantic Service Corporation
1800 Diagonal Road, Suite 425
Alexandria, Virginia 22314

Re:    **Guarantee of Payment by Ocean Atlantic Service Corporation**

Dear Mr. Carroll:

Our firm has been retained by CI Group Investment, LLC ("Lender") to collect from Ocean Atlantic Service Corporation ("OASC") the entire balance, which as of October 31, 2007 is $1,999,744.71, that OASC owes Lender under that certain Unconditional Guarantee of Payment (the "Guaranty"), dated May 14, 2005, signed and delivered by OASC to Lender, pursuant to which OASC guaranteed to Lender the prompt payment and performance of all obligations owed to Lender by Ocean Atlantic California, LLC ("Borrower").

I have attached a draft complaint, which has not yet been filed. If OASC wants to resolve this matter without judicial involvement, please, on or before November 12, 2007, either pay Lender $1,999,744.71, with payment made in a manner such that it is <u>actually received</u> by Lender on or before such date, or contact the undersigned, as counsel for Lender, at (312) 873-3626 to work out arrangements for payment. If OASC does neither of these things, then Lender will file suit against OASC for collection of the above-referenced debt, and will assert such other rights and remedies, as and when it deems in its best interests, under the Guaranty and/or under applicable law.

Please note that any partial payment that has been made by you or which is made by you in the future, or acceptance by Lender or any of its agents of any partial payment already made or made in the future of any amount that is not sufficient to satisfy any obligation under the loan documents is not intended, and shall not be deemed, to constitute a waiver of Lender's rights,

John Carroll
November 5, 2007
Page 2

remedies or recourse under the loan documents or at law or in equity. Any application of any such payment is not intended, and shall not be deemed, to be a modification, rearrangement, reinstatement or extension of the existing loan documents. Any such payment shall be applied against the indebtedness in such order as Lender may elect in its sole discretion, without any waiver by Lender of its right to pursue any of its rights and remedies under the loan documents or at law or in equity.

You are hereby further notified that any past or future negotiation between you or your representatives or agents on the one hand and Lender and its representatives or agents on the other do not and shall not constitute a waiver of Lender's right to exercise its rights and remedies under the loan documents or at law or in equity. Any alleged waiver of any of Lender's rights shall not be effective unless in writing duly executed by an authorized representative of Lender. Neither you nor any other obligor for the indebtedness owed under the loan documents shall be entitled to rely upon any oral statements made or purported to be made by or on behalf of Lender or its agents in connection with any alleged agreement by or on behalf of Lender to refrain from exercising any of Lender's rights under the loan documents or otherwise at law or in equity.

Nothing set forth herein is intended, nor shall it be deemed, to modify, limit, release, reduce or waive any of Lender's rights, remedies, and/or privileges under the loan documents, or at law or in equity, all of which are hereby specifically reserved. Furthermore, the enumeration of any specific default herein is not intended, nor shall it be deemed, to waive other defaults that may currently exist under the loan documents.

Your immediate attention to this matter is appreciated. Thank you.

Truly yours,

POLSINELLI SHALTON FLANIGAN
SUELTHAUS PC

Gregory J. Jordan

GJJ:rwj
Enclosure
cc:    Silas Shahid
       Anthony Nasharr

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CI Group Investments, LLC, an Illinois<br>Limited Liability Company | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| Ocean Atlantic Service Corporation, a Virginia<br>Corporation, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR BREACH OF GUARANTY

NOW COMES the Plaintiff, CI Group Investments, LLC, an Illinois state-chartered bank ("CI Group"), by and through Gregory J. Jordan, Peter J. Schmidt and the law firm of Polsinelli Shalton Flanigan Suelthaus PC, its attorneys, hereby files its Complaint (the "Complaint") for breach of contract and for its claims against the defendant, Ocean Atlantic Service Corporation (the "Defendant"), and in support thereof states as follows:

### PARTIES

1.      CI Group is an Illinois limited liability company, which is registered to do business in Illinois and maintaining place of business in Cook County, Illinois.

2.      The Defendant is a Virginia corporation, which maintains an office in Naperville, Illinois.

### JURISDICTION AND VENUE

3.      This case is between citizens of different States and involves a matter in controversy in excess of $75,000, exclusive of interest and costs.

4.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332.

5.    Venue is proper in this Court pursuant to 28 U.S.C. §1391.

6.    Venue and jurisdiction are also proper in the United States District Court for the Northern District of Illinois because the Unconditional Guarantee of Payment dated May 14, 2005 (the "Guarantee") between the parties provides that "The parties hereto agree that all actions or proceedings arising in connection with this Guarantee shall be tried and litigated exclusively in the State and Federal courts located in Cook County, State, of Illinois."

7.    Ocean Atlantic California, LLC (the "Borrower") applied to CI Group for a loan in the aggregate amount of One Million One Hundred Seventy Thousand Dollars ($1,170,000) (the "Loan") to be made pursuant to a Secured Promissory Note (the "Note").

8.    As a condition precedent to making the Loan evidenced by the Note, CI Group required that the Defendant guarantee the payment of the Loan made by CI Group to the Borrower, together with interest thereon, and the payment and performance of all present and future indebtedness and obligations of the Borrower to CI Group under the Note and a Collateral Assignment of Promissory Note and Deed of Trust made by the Borrower, as assignor, in favor of CI Group, as assignee (the "Collateral Assignment"). The Note and the Collateral Assignment are hereinafter referred to collectively as the "Loan Documents".

9.    The Defendant unconditionally guaranteed to CI Group the complete and punctual payment when due of the principal amount of the Loan, together with interest accrued and to accrue hereafter thereon and all other amounts owing by the Borrower to CI Group, and the performance by the Borrower of all of its other obligations to CI Group, howsoever or whensoever arising, and whether or not in connection with the Loan or the

2

Loan Documents (such amount being hereinafter collectively referred to as the "Guaranteed Indebtedness").

10.    On or about May 17, 2005 the Defendant executed the Guarantee. A copy of the Guarantee is attached as Exhibit "A", and the Guarantee and all of its terms are incorporated herein and made a part of the Complaint by express reference.

11.    In consideration of the Defendant's execution of the Guarantee, on or about May 17, 2005, the Borrower executed and delivered to CI Group the Loan Documents and CI Group agreed to lend to Borrower the Loan.

12.    In reliance upon the Guarantee and in consideration therefore, as a part of its obligations under the Loan Documents, CI Group advanced One Million One Hundred Seventy Thousand Dollars ($1,170,000) for the Borrower's benefit.

13.    After all adjustments for payments made prior to the date hereof, the Borrower has after demand failed to pay the amounts advanced to the Borrower under the Loan Documents.

14.    CI Group has made demand upon the Defendant to pay the indebtedness referenced above pursuant to the Guarantee, but the Defendant has failed and refused to do so.

15.    CI Group, after all appropriate credits for payments received to date have been made, is owed as of November 5, 2007 the amount of One Million Nine Hundred Ninety-Nine Thousand Seven Hundred Forty-Four Dollars and Seventy-One Cents ($1,999,744.71), plus accruing interest on said balance.

16.    CI Group has performed all conditions precedent under its contractual agreement under the Guarantee with the Defendant.

17.    The Defendant has breached his obligation under the Guarantee by refusing and continuing to refuse to perform its obligations thereunder.

3

18.    CI Group, as a direct and approximate result of the breach of the Guarantee by the Defendant, has been damaged in the sum of One Million Nine Hundred Ninety-Nine Thousand Seven Hundred Forty-Four Dollars and Seventy-One Cents ($1,999,744.71), plus accruing interest pursuant to the terms of the Loan Documents, together with all court costs, and collection expenses incurred.

WHEREFORE, the plaintiff, CI Group Investments, LLC, prays that the Court enter judgment in its favor and against the defendant, Ocean Atlantic Service Corporation, in the amount of One Million Nine Hundred Ninety-Nine Thousand Seven Hundred Forty-Four Dollars and Seventy-One Cents ($1,999,744.71), plus accruing interest and cost of collection in an amount to be determined by the Court, together with all costs incurred by the plaintiff, CI Group Investments, LLC, in the prosecution of this suit, and for such other relief as this Court deems just and proper.

Respectfully submitted,

**CI GROUP INVESTMENTS, LLC**

By:_____
One of Its Attorneys

Gregory J. Jordan (ARDC #6205510)
Peter J. Schmidt (ARDC #6256638)
Polsinelli Shalton Flanigan Suelthaus PC
Two Prudential Plaza
180 N. Stetson Avenue, Ste. 4525
Chicago, IL 60601
(312) 819-1900
(312) 819-1910 (Facsimile)

4