## UNCONDITIONAL GUARANTEE OF PAYMENT

THIS UNCONDITIONAL GUARANTEE OF PAYMENT (this "Guarantee") is executed as of May 14, 2005, by OCEAN ATLANTIC SERVICE CORPORATION, a Virginia corporation ("Guarantor") for the benefit of OCEAN ATLANTIC CALIFORNIA, LLC, a Nevada limited liability company ("Borrower").

A.  Borrower is concurrently herewith executing and delivering to CI GROUP INVESTMENTS, LLC, an Illinois limited liability company ("Lender"), a Secured Promissory Note in the principal amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000) (the "Note") secured by a Collateral Assignment of Promissory Note and Deed of Trust (the "Assignment"). The Note and the Assignment are sometimes collectively referred to herein as the "Loan Documents".

B.  As a condition precedent to making the loan evidenced by the Note (the "Loan"), Lender has required that Guarantor guarantee the payment of the Loan made or to be made by Lender to Borrower, together with interest thereon, and the payment and performance of all present and future indebtedness and obligations of Borrower to Lender under the Loan Documents.

C.  Guarantor acknowledges that Guarantor is the sole Manager and the sole Member of Borrower and has a financial interest in Borrower and will receive substantial economic and other benefits as a result of the making of the Loan by Lender to Borrower.

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Guarantor hereby agrees as follows:

1.  **THE GUARANTEE:**

    1.1  **Guarantee of Obligations of Borrower.** Guarantor unconditionally guarantees to Lender the complete and punctual payment when due of the principal amount of the Loan, together with interest accrued and to accrue hereafter thereon and all other amounts owing by Borrower to Lender, and the performance by Borrower of all of its other obligations to Lender, howsoever or whensoever arising, and whether or not in connection with the Loan or the Loan Documents (such amounts and obligations being hereinafter collectively referred to as the "Guaranteed Indebtedness").

    Guarantor hereby agrees that this Guarantee is a guarantee of payment and not of collection, and that Guarantor's obligations under this Guarantee shall be primary, absolute and unconditional, irrespective of and unaffected by:

    (a) The genuineness, validity, regularity, enforceability of the Note or any future amendment of or change in the Note or any agreement or instrument to which Borrower and/or Guarantor are or may be a party (including, without limitation, the Loan Documents and this Guarantee);

    (b) The absence of any action to enforce the Note or any of the Loan Documents or the waiver or consent by Lender with respect to any provisions thereof or of any other agreements between Guarantor and Lender;

    (c) The existence, value or condition of any security for the Guaranteed Indebtedness or any action or the absence of any action by Lender with respect thereof (including, without limitation, the release thereof); or

(d) Any other action or circumstance which might otherwise constitute a legal or equitable discharge or defense of a surety or guarantor, it being agreed by Guarantor that its obligations under this Guarantee shall not be discharged except by payment and performance as provided herein. Guarantor shall be regarded as, and shall be in the same position as, a principal debtor with respect to the Guaranteed Indebtedness.

Guarantor expressly waives all rights it may have now or in the future under any statute, or at common law, or at law or in equity, or otherwise, to compel Lender to proceed in respect of the Guaranteed Indebtedness against Borrower or any other party or against any security for the payment of the Guaranteed Indebtedness before proceeding against, or as a condition to proceeding against Guarantor. Guarantor agrees that any notice or directive given at any time to Lender which is inconsistent with the waiver in the immediately preceding sentence shall be void and may be ignored by Lender, and, in addition, may not be pleaded or introduced as evidence in any litigation relating to this Guarantee for the reason that such pleading or introduction would be at variance with the written terms of this Guarantee, unless Lender has specifically agreed otherwise in writing, signed by a duly authorized officer. It is agreed between Guarantor and Lender that the foregoing waivers are of the essence of the transaction contemplated by the Loan Documents and that, but for this Guarantee and such waivers, Lender would decline to make the Loan.

1.2 **Default by Borrower.** If any default shall occur under the Loan Documents or any other documentation evidencing or securing the Guaranteed Indebtedness, and if Lender shall declare the then outstanding Guaranteed Indebtedness to be immediately due and payable, then Guarantor shall pay to Lender the amount of all outstanding Guaranteed Indebtedness due and owing Lender. Payment by Guarantor shall be made to Lender at the address indicated below for the giving of notice to Lender or at any other address that may be specified in writing from time to time by Lender.

1.3 **Enforcement of Guarantee.** Lender may proceed to exercise any right or remedy which it may have against any property, real or personal, as a result of any lien or security interest it may have to secure all or any portion of the Guaranteed Indebtedness, including but not limited to the Assignment, it being agreed that in no event shall Lender have any obligation to (but may at its option) proceed against Borrower or any other person or entity or any such real or personal property before seeking satisfaction from Guarantor under this Guarantee.

1.4 **Waiver.** In addition to the waivers contained in Section 1.1 hereof, Guarantor waives, and agrees that it will not at any time insist upon, plead or in any manner whatever claim or take the benefit or advantage of, any and all appraisal, valuation, stay, extension, marshalling-of-assets or redemption laws, or right of homestead or exemption, whether now or at any time hereafter in force, which may delay, prevent or otherwise affect the performance by Guarantor of its obligations under, or the enforcement by Lender of, this Guarantee. Guarantor hereby waives diligence, presentment and demand (whether for non-payment or protest or of acceptance, maturity, extension of time, change in nature or form of the Guaranteed Indebtedness, acceptance of further security, release of further security, composition or agreement arrived at as to the amount of or the terms of the Guaranteed Indebtedness, notice of adverse change in Borrower's financial condition and any other fact which might materially increase the risk to Guarantor), notice of the extension of credit from time to time given by Lender to Borrower and the creation, existence or acquisition of Guaranteed Indebtedness hereby guaranteed, notice of the amount of the Guaranteed Indebtedness of Borrower to Lender from time to time, subject, however, to Guarantor's right to make inquiry of Lender to ascertain the amount of the Guaranteed Indebtedness at any reasonable time, notice of adverse change in Borrower's financial condition or of any other fact which might increase Guarantor's risk, notice of presentment for payment, demand, protest and notice thereof as to any instrument, and notice of default with respect to any of the Guaranteed Indebtedness, and all other demands whatsoever and waives the benefit of all provisions of law which are or might be in conflict with the terms of this Guarantee, except to the extent that this Guarantee may otherwise specify the giving of notice. Guarantor further waives the right to a jury trial in any action hereunder and rights by statute or otherwise to require Lender to institute against Borrower or to exhaust its rights and remedies against Borrower, Guarantor being bound to the payment of each and all Guaranteed Indebtedness of Borrower to Lender whether now existing or hereafter accruing as fully as if such Guaranteed Indebtedness was directly owing to

2

Case 1:07-cv-99999 Document 84-2 Filed 11/13/2007 Page 2 of 8

Lender by Guarantor. Guarantor represents, warrants and agrees that, as of the date of this Guarantee, its obligations under this Guarantee are not subject to any counterclaims, offsets or defenses against Lender of any kind. Guarantor further agrees that its obligations under this Guarantee shall not be subject to any counterclaims, offsets or defenses against Lender or against Borrower of any kind which may arise in the future.

Guarantor further waives any defense arising by reason of the cessation from any cause whatsoever of the liability of Borrower and further agrees that nothing contained herein shall prevent Lender from foreclosing on the lien of any deed of trust, or from exercising any rights available to it thereunder and that the exercise of any of the aforesaid rights shall not constitute a legal or equitable discharge of Guarantor. Guarantor understands and acknowledges that if Lender forecloses (judicially or nonjudicially) against any real property security for the Loan, that foreclosure could impair or destroy any ability that Guarantor may have to seek reimbursement, contribution or indemnification from Borrower or others based on any right Guarantor may have of subrogation, reimbursement, contribution or indemnification for any amounts paid by Guarantor under this Guaranty. Guarantor waives all rights and defenses arising out of an election of remedies by Lender, even though that election of remedies, such as a nonjudicial foreclosure with respect to security for the Guaranteed Indebtedness, has destroyed Guarantor's rights of subrogation and reimbursement against Borrower by operation of Section 580d of the California Code of Civil Procedure or otherwise. By executing this Guaranty, Guarantor freely, irrevocably and unconditionally: (i) waives and relinquishes that defense and agrees that Guarantor will be fully liable under this Guaranty even though Lender may foreclose judicially or nonjudicially against any real property security for the Loan; (ii) agrees that Guarantor will not assert that defense in any action or proceeding which Lender may commence to enforce this Guaranty; (iii) acknowledges and agrees that the rights and defenses waived by Guarantor in this Guaranty include any right or defense that Guarantor may have or be entitled to assert because the Note is secured by the Property or based upon or arising out of any one or more of Sections 580a, 580b, 580d or 726 of the California Code of Civil Procedure or Section 2924(c) of the California Civil Code; and (iv) acknowledges and agrees that Lender is relying on this waiver in making the Loan, and that this waiver is a material part of the consideration which Lender is receiving for making the Loan. Guarantor hereby authorizes and empowers Lender to exercise, in its sole discretion, any right and remedies, or any combination thereof, which may then be available, since it is the intent and purpose of Guarantor that the obligations hereunder shall be absolute, independent and unconditional under any and all circumstances. Without limiting the generality of the foregoing, Guarantor hereby expressly waives any and all benefits under California Civil Code Sections 2809, 2810, 2819, 2845, 2847, 2848, 2849 and 2850. Notwithstanding any foreclosure of the lien of any deed of trust or security agreement with respect to any or all of any real or personal property secured thereby, whether by the exercise of the power of sale contained therein, by an action for judicial foreclosure or by an acceptance of a deed in lieu of foreclosure, Guarantor shall remain bound under this Guarantee.

Guarantor further waives any defense arising by reason of any disability or other defense of Borrower or by reason of the cessation from any cause whatsoever of the liability of Borrower and any defense that other indemnity, guaranty, or security was to be obtained. Guarantor shall have no right of subrogation, reimbursement or indemnity whatsoever and no right of recourse to or with respect to any assets or property of Borrower or to any collateral for the Guaranteed Indebtedness of Borrower. Nothing shall discharge or satisfy the liability of Guarantor hereunder except the full performance and payment of the Guaranteed Indebtedness of Borrower. If Borrower or any Guarantor should at any time become insolvent or make a general assignment, or if a petition in bankruptcy or any insolvency or reorganization proceedings shall be filed or commenced by, against, or in respect of Borrower or Guarantor, any and all of the obligations of Guarantor shall, forthwith, become due and payable without notice. Further, Guarantor consents and agrees that Lender shall be under no obligation to marshall any assets in favor of Guarantor or against or in payment of any or all of the Guaranteed Indebtedness.

        **1.5**    **Benefit of Guarantee.** The provisions of this Guarantee are for the benefit of Lender and its successors and assigns, and nothing herein contained shall impair as between Borrower and Lender the obligations of Borrower under the Note and Borrower under the other Loan Documents, or under any other agreements, documents, instruments or certificates which may be delivered under or pursuant to any of the Loan Documents or in connection with the loan or the Guaranteed Indebtedness.

1.6 **Modification of Loan, Etc.** At any time and from time to time, without the consent of or notice to Guarantor, without incurring any liability to Guarantor and without impairing or releasing the obligations of Guarantor under this Guarantee, Lender may:

(a) Change or extend the manner, place or terms of payment of or renew or alter all or any portion of the Loan;

(b) Take any action under or in respect of the Note or any of the other Loan Documents in the exercise of any remedy, power or privilege contained therein or available to Lender at law, equity or otherwise, or waive or refrain from exercising any such remedies, powers or privileges; Case 1:07-cv-06090 Document 84-12 Filed 11/13/2007 Page 4 of 8

(c) Amend, modify or subordinate in any respect the Note or the other Loan Documents or other documents evidencing or securing the Guaranteed Indebtedness;

(d) Extend or waive the time for Borrower's or any other person's or party's performance of or compliance with, any term, covenant or agreement on its part to be performed or observed under the Note or other Loan Documents, or waive such performance or compliance or consent to a failure of or departure from such performance or compliance;

(e) Sell, exchange, release, dispose of or otherwise deal with any property pledged, mortgaged or conveyed, or in which Lender has been granted a lien or security interest, to secure any indebtedness of Borrower to Lender;

(f) Release or substitute any guarantor, or anyone else who may be liable in any manner for the payment and collection of any amounts owed by Borrower to Lender; or

(g) Apply any sums by whomever paid or however realized to any amounts owing by Borrower to Lender in such manner as Lender shall determine in its sole discretion.

1.7 **Reinstatement.** This Guarantee shall remain in full force and effect and continue to be effective should any petition be filed by or against Borrower under the United States Bankruptcy Code, as at any time amended, for liquidation or reorganization, should Borrower become insolvent or make an assignment for the benefit of creditors or a receiver or trustee be appointed for all or any significant part of Borrower's assets, and shall continue to be effective or be reinstated, as the case may be, if at any time payment of the Guaranteed Indebtedness, or any part thereof, is, pursuant to applicable law, rescinded or reduced in amount, or must otherwise be restored or returned by Lender whether as a "preferential transfer", "voidable preference", "fraudulent conveyance", or otherwise, all as though such reduction, repayment or restoration by Lender had not been made.

1.8 **Subrogation.**

(a) Guarantor shall have no right of subrogation under this Guarantee, by any payment made hereunder or otherwise, and if any payment shall be made to Guarantor on account of such subrogation rights, each and every amount so paid will forthwith be paid to Lender to be credited and applied upon the Guaranteed Indebtedness, whether matured or unmatured.

(b) If pursuant to applicable law Guarantor, by payment or otherwise, becomes subrogated to all or any of the rights of Lender under any of the Loan Documents or any other documentation underlying or securing the Guaranteed Indebtedness, the rights of Lender to which Guarantor shall be subrogated shall be accepted by Guarantor "as is" and without any representation or warranty of any kind by Lender, expressed or implied, with respect to the legality, value, validity or enforceability of any of such rights, or the existence, availability, value, merchantability or fitness for any particular purpose of any collateral, whether covered by the Assignment or otherwise.

4

(c) If Lender may, under any applicable law, proceed to realize its benefits under the Assignment or any of the other Loan Documents giving Lender a lien upon or security interest in any collateral, whether owned by Borrower or by any other person, either by judicial foreclosure or by non-judicial sale or enforcement, Lender may at its sole option determine which of its remedies or rights it may pursue without affecting any of its rights and remedies under this Guarantee. If in the exercise of any of its rights and remedies Lender shall forfeit any of its rights or remedies, including its right to enter a deficiency judgment against Borrower or any other person, whether because of any applicable laws pertaining to "election of remedies" or the like, Guarantor hereby consents to such action by Lender and waives any claim based upon such action, even if such action by Lender shall result in a full or partial loss of any rights of subrogation which Guarantor might otherwise have had but for such action by Lender. Any election of remedies that results in the denial or impairment of Lender's right to seek a deficiency judgment against Borrower shall not impair Guarantor's obligation to pay such deficiency. In the event Lender shall bid in at any foreclosure or trustee's sale or at any private sale permitted by law or by the Loan Documents, Lender may bid all or less than the amount of the indebtedness owing by Borrower to Lender and the amount of such bid need not be paid by Lender but will be credited against the Guaranteed Indebtedness. The amount of the successful bid at any such sale, whether Lender or any other party is the successful bidder, shall be conclusively deemed to be the fair market value of the collateral and the difference between such bid amount and the remaining balance of the Guaranteed Indebtedness shall be conclusively deemed to be the amount of the Guaranteed Indebtedness under this Guarantee, notwithstanding that any present or future law or court decision or ruling may have the effect of reducing the amount of any deficiency claim to which Lender might otherwise be entitled but for such bidding at any such sale.

2. **REPRESENTATIONS AND WARRANTIES.** Full reliance by Lender upon the following representations and warranties of Guarantor is acknowledged:

(a) Guarantor has full power, authority and legal right to enter into this Guarantee and to perform its obligations under the terms hereof;

(b) Guarantor has duly executed and delivered this Guarantee. This Guarantee constitutes a legal, valid and binding obligation of Guarantor, enforceable against Guarantor in accordance with the terms of this Guarantee;

(c) No authorization, consent, approval, exemption, permit or license of, or filing with, any governmental or public body or authority is required to authorize, or is otherwise required in connection with, the valid execution or delivery by Guarantor of this Guarantee, or the performance of Guarantor's obligations hereunder, except such as have been obtained and are in full force and effect. All conditions required to the execution and delivery hereof and performance hereunder have been satisfied on the date hereof;

(d) Guarantor is not a party to, or otherwise bound by or subject to, any agreements or instrument, the observance of the terms and provisions of which would materially impair Guarantor's ability to perform its obligations under, and to be bound by, this Guarantee. Neither the execution and delivery by Guarantor of this Guarantee, nor compliance by Guarantor with the terms and provisions of this Guarantee, will conflict with, constitute a default under, or give rise to any circumstance which with the passage of time or notice or both would constitute a default under, or result in a breach of, any of the terms, conditions or provisions of, any law or decree or any regulation, order, writ, injunction, determination or award of any court, arbitrator or governmental department, commission, board, bureau, agency or instrumentality (domestic or foreign), or any agreement or instrument to which such Guarantor is a party or by which it or any of its properties may be affected;

(e) All financial statements which have heretofore been furnished by Guarantor to Lender in connection with this Guarantee, and all such financial statements which may be hereafter furnished to Lender by Guarantor, have been, are and shall be true, correct and complete; and do and shall fairly present the financial condition of Guarantor, all as at the respective dates thereof and there has been no material adverse change in the financial condition of Guarantor since such dates; and

(f) There is no action, suit, proceeding or investigation pending, or to the best of the knowledge of Guarantor, threatened, against or affecting Guarantor at law, in equity, in admiralty or before any arbitrator of any kind or before any governmental department, commission, board, bureau, agency or instrumentality (domestic or foreign) which, in the opinion of Guarantor, is likely to result in any material adverse change in the property or assets, or in the condition (financial or otherwise) of Guarantor, or materially impair its ability to perform its obligations under this Guarantee.

3. **FINANCIAL STATEMENTS; NO TRANSFER OF ASSETS.** So long as all or any portion of the Guaranteed Indebtedness remains unpaid, Guarantor shall furnish to Lender annual financial statements and a copy of Guarantor's federal tax returns. Until the Guaranteed Indebtedness has been paid in full, without the prior written consent of Lender, Guarantor shall not sell, transfer, assign, encumber, pledge, hypothecate or otherwise dispose of, any of the property or assets of Guarantor, or any interest therein, or agree to do any of the foregoing, except in the ordinary course of operating Guarantor's business.

4. **CONTINUING GUARANTEE.** This Guaranty is a primary and original obligation of Guarantor and is an absolute, unconditional, continuing and irrevocable guaranty of payment and shall remain in full force and effect without respect to future changes in conditions, including change of law or any invalidity or irregularity with respect to the issuance of any obligations of Borrower to Lender or with respect to the execution and delivery of any agreement between Borrower and Lender. Guarantor agrees that this Guarantee is a continuing guarantee and shall remain in full force and effect until the payment in full of the Guaranteed Indebtedness. Guarantor agrees that the liability of Guarantor on this Guaranty shall be immediate and shall not be contingent upon the exercise or enforcement by Lender of whatever remedies it may have against Borrower or others, or the enforcement of any lien or realization upon any security Lender may at any time posses.

5. **PERMITTED ASSIGNMENT BY LENDER.** Lender may freely assign its rights and delegate its duties under this Guarantee, but no such assignment or delegation shall increase Guarantor's obligations or diminish its rights hereunder. In the event of any such assignment or delegation, Lender will give Guarantor prompt notice of such assignment or delegation and agrees to use its best efforts to give such notice at least 10 days prior to such assignment or delegation, but the consent of Guarantor shall not be required for any such assignment or delegation and failure to give such notice shall not affect the validity or enforceability of any such assignment or delegation or subject Lender to any liability.

6. **FURTHER ASSURANCES.** Guarantor agrees, upon the written request of Lender, to execute and deliver to Lender from time to time any additional instruments or documents reasonably considered necessary by Lender or its counsel to cause this Guarantee to be, become or remain valid and effective in accordance with its terms.

7. **SURVIVAL OF REPRESENTATIONS AND WARRANTIES.** The representations and warranties of Guarantor set forth in this Guarantee shall survive for so long as all or any portion of the Guaranteed Indebtedness remains unpaid.

8. **ENTIRE AGREEMENT; AMENDMENTS.** This Guarantee and the Loan Documents, contain the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior agreements, written or oral, relating to such subject matter (including, but not by way of limitation, any loan application to Lender or any commitment letter which Lender may have given Borrower or Guarantor) and cannot be amended or supplemented, except by a written agreement signed by Guarantor and Lender.

9. **HEADINGS.** The headings in this Guarantee are for convenience only and are not part of the substance of this Guarantee.

10. **SEVERABILITY.** In the event that any one or more of the provisions contained in this Guarantee shall be determined to be invalid, illegal or unenforceable in any respect for any reason, the validity,

legality and enforceability of any such provision or provisions in every other respect and of the remaining provisions of this Guarantee shall not be in any way impaired.

11. COUNTERPARTS. This Guarantee may be executed in counterparts which together shall constitute the same Guarantee.

12. BINDING EFFECT. This Guarantee shall bind and inure to the benefit of the parties and their respective permitted successors and assigns.

13. NON-WAIVER. The failure of Lender to enforce any right or remedy hereunder, or promptly to enforce any such right or remedy, shall not constitute a waiver thereof, nor give rise to any estoppel against Lender, nor excuse Guarantor from its obligations hereunder. Any waiver of any such right or remedy must be in writing and signed by Lender.

14. INITIATION OF SUIT. The parties hereto agree that all actions or proceedings arising in connection with this Guarantee shall be tried and litigated exclusively in the State and Federal courts located in Cook County, State of Illinois. The aforementioned choice of venue is intended by the parties to be mandatory and not permissive in nature, thereby precluding the possibility of litigation between the parties with respect to or arising out of this Guarantee in any jurisdiction other than that specified in this Section. Each party hereby waives any right it may have to assert the doctrine of forum non conveniens or similar doctrine or to object to venue with respect to any proceeding brought in accordance with this Section, and stipulates that the State and Federal courts located in Cook County, State of Illinois shall have in personam jurisdiction and venue over each of them for the purpose of litigating any dispute, controversy, or proceeding arising out of or related to this Guarantee. Each party hereby authorizes and accepts service of process sufficient for personal jurisdiction in any action against it as contemplated by this Section if such notice is given in accordance with the Section regarding notices contained in the Collateral Assignment (as defined herein). Any final judgment rendered against a party in any action or proceeding shall be conclusive as to the subject of such final judgment and may be enforced in other jurisdictions in any manner provided by law.

15. TERMINATION. This Guarantee shall terminate and be of no further force or effect at such time as the Guaranteed Indebtedness is paid in full, and Lender shall deliver to Guarantor such documents as Guarantor may reasonably request to evidence such termination.

16. GOVERNING LAW. The terms of this Guarantee have been negotiated, and this Guarantee has been executed and delivered, in the State of California, and it is the intention of the parties that this Guarantee be construed and enforced in accordance with the laws of such State.

17. SECURITY FOR GUARANTEE. As security for the payment by Guarantor of all amounts payable under this Guarantee, Guarantor has duly executed and delivered to Lender that certain Collateral Assignment of Economic Interests dated of even date herewith (the "Collateral Assignment").

18. MINIMUM NET WORTH. Until the Guaranteed Indebtedness is paid in full, Guarantor shall: (i) maintain a minimum net worth of Five Million Dollars ($5,000,000) as set forth on Guarantor's financial statements prepared in a manner consistent with past practices and consistent with the financial statements delivered to Lender in connection with this Guarantee; and (ii) in addition to the annual financial statements provided for above, deliver to Lender its most recent financial statements following written request from Lender. If the Maturity Date (as defined in the Note) is extended for the Extension Period in accordance with the Note, no later than the original Maturity Date, Guarantor shall deliver to Lender reasonable written evidence that Guarantor currently has in the form of cash and/or of the market value of currently saleable marketable securities (the "Current Assets"), an aggregate amount not less than the sum of the outstanding principal balance under the Note, all accrued, unpaid interest under the Note, and any unpaid Initial Loan Fees as of the Maturity Date (collectively, the "Current Amount Payable"). Thereafter, at all times prior to payment in full of the Loan, Guarantor shall continuously maintain Current Assets in an amount not less than the Current Amount Payable.

7

IN WITNESS WHEREOF, the Guarantor has duly executed and delivered this Unconditional Guarantee of Payment as of the date first above written.

GUARANTOR

Case 1:07-cv-9906 Document 64-2 Filed 10/18/2007  Page 8 of 8
OCEAN ATLANTIC SERVICE CORPORATION, an Illinois
corporation, Manager and Sole Member

By: _____
John Carroll, President

104249.2

8

1205.011